441 So.2d 186 (1983)
Lee Charles DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1515.
District Court of Appeal of Florida, Fifth District.
November 25, 1983.
James Russo, Public Defender, Titusville, and Donald R. West, Asst. Public Defender, Sanford, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO REVIEW
ORFINGER, Chief Judge.
Defendant below seeks review of an order of the trial court denying his request that the trial proceedings be transcribed at county expense. Fla.R.App.P. 9.430.
By order of the trial court entered October 13, 1982, defendant was declared insolvent for purposes of appeal. Having been adjudged indigent, if he wants to appeal his conviction, he is entitled to do so without payment of any costs or fees. § 57.081, Fla. Stat. (1981); Chappell v. Florida Dept. of Health and Rehabilitative Services, 419 So.2d 1051 (Fla. 1982). This includes the right to a transcript of the proceedings without cost to defendant. State v. Byrd, 378 So.2d 1231 (Fla. 1979).
*187 To require defendant to file the affidavit required by Rule 9.430 after his motion for declaration of insolvency has been granted is to require the doing of a useless act. Neither can the trial court refuse to authorize the preparation of the record because of a belief that the appeal lacks merit. Where the preparation of the transcript of proceedings requires the expenditure of public funds, the trial court has the authority to limit the record to those portions which fairly support the issues raised in the statement of judicial acts to be reviewed. Fla.R.App.P. 9.140(d).
The order denying appellant's motion to proceed without payment of costs is reversed and the cause is remanded for further proceedings. The trial court is authorized to determine if the defendant has requested that the appeal be filed, and if he has so requested, the court shall authorize the preparation of the record as required by this opinion. If the trial court determines that the defendant does not wish to appeal and that the appeal has been filed without his knowledge and consent, the appeal will be dismissed upon receipt by this court of a certified copy of the trial court's order so finding.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.