454 So.2d 639 (1984)
E.J. SALCINES, State Attorney Hillsborough County, Florida, Appellant/Respondent,
v.
TAMPA TELEVISION, D/B/a WXFL-TV, and the Tribune Company, Appellees/Petitioners.
E.J. SALCINES, State Attorney, Hillsborough County, Florida, Appellant/Respondent,
v.
STATE ex rel. WTSP-TV, INC., Appellees/Petitioners.
E.J. SALCINES, State Attorney, Hillsborough County, Florida, Appellant/Respondent,
v.
GAYLORD BROADCASTING COMPANY, D/B/a Television Station WTVT-Channel 13, Appellees/Petitioners.
No. 84-1138.
District Court of Appeal of Florida, Second District.
July 18, 1984.
Rehearing Denied August 24, 1984.
*640 Claire L. Cours and Darrell D. Dirks, Asst. State Attys., Tampa, for appellant/respondent.
Gregg D. Thomas and Mike Piscitelli of Holland & Knight, Tampa, for appellees/petitioners Tampa Television, Inc. and The Tribune Co.
James D. Whittemore of Whittemore & Campbell, P.A., St. Petersburg, for appellees/petitioners WTSP-TV, Inc.
Gregory G. Jones and Robert L. Ciotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellees/petitioners Gaylord Broadcasting Co.
CAMPBELL, Judge.
Appellant, E.J. Salcines, State Attorney, Hillsborough County, Florida, seeks review of the order of the Circuit Court of the Thirteenth Judicial Circuit which granted appellees' petitions for writs of mandamus. The order granting the writs ordered appellant to allow appellees access to a subpoena of the United States District Court, Middle District of Florida, Tampa Division, which commanded Julio Sanchez, as Custodian of Records for the Hillsborough County State Attorney's Office to appear before the Federal grand jury and produce certain records pertaining to certain named individuals. We reverse and quash the order of the trial court which granted the writs.
In his argument on this appeal, appellant advances three points upon which he urges reversal:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE SUBPOENA SOUGHT BY APPELLEES/PETITIONERS IS A PUBLIC RECORD UNDER THE FLORIDA PUBLIC RECORDS ACT?
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN ADEQUATE IN CAMERA HEARING MANDATED BY THE FLORIDA PUBLIC RECORDS ACT?
III. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE EXEMPTIONS STATED IN SECTION 119.07(3)(d), (e), (f) and (g), FLORIDA STATUTES, DO NOT APPLY TO THE SUBPOENA IN THIS CASE?
Because we determine that the subpoena comes within the specific exemption of section 119.07(3)(e), Florida Statutes (1983), as argued in appellant's point III, we are not required to decide point I, and point II is by our decision rendered moot.
In the proceeding below, appellant offered to testify ex parte and in camera before the trial judge in order to explain how the requested subpoena came within the exemptions of section 119.07(3). Appellees objected and the trial court concluded that to do so would have been improper. Appellant concluded that to testify in open court or in camera with appellees' counsel present, would violate the very exemptions he sought to protect.
*641 We are inclined to agree, under the facts of this case, that to testify openly would disclose the information exempted by statute. The trial judge, in the order appealed from, stated he had evaluated the exemptions allowed in section 119.07(3)(d), (e), (f) and (g), and found no basis for the asserted positions. We find this to be error. The requested subpoena, on its face, requests the production of two categories of documents. The first category names individuals that either by the very wording of the subpoena were identified as confidential informants, or were at least purported to be so by the subpoena. The second category relates to documents in connection with an individual whom the subpoena, on its face, identifies as a possible source of criminal intelligence or investigative information. Thus, because the subpoena, on its face, identifies or purports to identify confidential informants or sources, it was not necessary that the trial judge receive testimony to determine that the exemption of section 119.07(3)(e) is applicable to the subpoena. Section 119.07(3)(e) provides that "[a]ny information revealing the identity of confidential informants or sources is exempt from the provisions of subsection (1)."
We emphasize our conclusion that the subpoena, in and of itself, reveals this information because we perceive that in many circumstances it might require testimony to establish the application of the exemptions. We also point out that this was not a criminal proceeding where due process requirements might dictate the disclosure to a defendant of the identity of a confidential informant as contemplated and discussed in cases such as Treverrow v. State, 194 So.2d 250 (Fla. 1967); Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), reversed on other grounds, 357 So.2d 706 (Fla. 1978); and Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
In considering the exemptions granted in section 119.07(3)(e), we have concluded that neither the statute nor case law dictates that the exemptions from disclosure relate to confidential informants or sources who are currently being used as such, or whose identity has not previously been disclosed. We therefore conclude that it matters not that the informants or sources are no longer active or may have, through other sources, been identified as such. Section 119.07(3)(e) applies the exemptions to any information revealing identity. It does not specify not previously identified, nor current "confidential informants or sources."
Finally, for the purposes of this decision, we have assumed without deciding that the subpoena is a public record under chapter 119, Florida Statutes (1983).
We therefore reverse and quash the order of the trial court which granted appellees' petitions for writs of mandamus.
SCHEB, A.C.J., and SCHOONOVER, J., concur.