597 So.2d 940 (1992)
Michael Earl STATON, Appellant,
v.
James McMILLAN, Sheriff, Duval County, Appellee.
Michael Earl STATON, Appellant,
v.
Ed AUSTIN, State Attorney, Fourth Judicial Circuit, Appellee.
Michael Earl STATON, Appellant,
v.
Henry W. COOK, Clerk of the Circuit and County Courts, Duval County, Appellee.
Nos. 91-403, 91-404 and 91-702.
District Court of Appeal of Florida, First District.
April 29, 1992.
Michael Earl Staton, Raiford, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee Ed Austin, State Atty., Fourth Judicial Circuit, Case No. 91-404.
ALLEN, Judge.
In these three cases the appellant challenges orders denying petitions for *941 writs of mandamus by which he sought to compel the disclosure of various materials alleged to be public records under chapter 119, Florida Statutes. We conclude that the petitions are facially sufficient to state a prima facie claim for relief, and that in each instance the lower court should have issued an order to show cause.
The appellant filed the petitions below, seeking to obtain certain records and information from the county sheriff, the state attorney, and the clerk of the court. The materials generally relate to a prosecution which led to the appellant's criminal conviction. Two of the petitions were denied by two different judges, who indicated that because the criminal case is pending on appeal, the criminal investigative information is not subject to disclosure under chapter 119. The other petition was denied by a third judge, who cited Daniels v. State, 441 So.2d 186 (Fla. 5th DCA 1983), and indicated that the indigent appellant is not entitled to obtain the materials at public expense because they were not alleged to be pertinent to any issue in the pending appeal.
Unlike Daniels, which addressed the waiver of transcript costs for an indigent's criminal appeal, the appellant was not requesting a transcript for an appeal. And while chapter 119 does not provide for free copies of public records, see Campbell v. State, 593 So.2d 1148 (Fla. 1st DCA 1992); Yanke v. State, 588 So.2d 4 (Fla. 2d DCA 1991), review denied, 595 So.2d 559 (Fla. 1992), the appellant was not requesting copies of the materials at public expense. Instead, the appellant made proper requests for access which may be effectuated in accordance with section 119.07(1)(a), Florida Statutes, and his reasons for seeking such access are immaterial. See Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA), review denied, 475 So.2d 695 (Fla. 1985).
The access which might otherwise be required under section 119.07(1)(a) is subject to numerous exemptions which are described in section 119.07(3). An exemption exists for active criminal investigative information, see section 119.07(3)(d), which continues to pertain while a conviction remains pending on direct appeal. See § 119.011(3)(d)(2), Fla. Stat. However, the statutory exemptions do not apply if the information has already been made public. See Downs v. Austin, 522 So.2d 931 (Fla. 1st DCA 1988); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla. 1986); Satz v. Blankenship, 407 So.2d 396 (Fla. 4th DCA 1981), review denied, 413 So.2d 877 (Fla. 1982). The active criminal investigative information exemption thus does not apply to information which has previously been made available at a public hearing. Downs; see also, § 119.07(4), Fla. Stat. Nor does it apply to information for which disclosure was previously required under the rules of discovery. See Tribune Co. v. Public Records, 493 So.2d 480 (Fla.2d DCA 1986), review denied, 503 So.2d 327 (Fla. 1987); § 119.011(3)(c)5, Fla. Stat.
The appellant alleged that some of the materials which he sought were submitted into evidence at trial. He also alleged that some of the information was subject to mandatory disclosure during discovery. And it does not appear that all of the materials are necessarily criminal investigative information as defined under section 119.011(3)(b). Each of the appellant's petitions stated a prima facie claim for access under section 119.07(1)(a), and mandamus may be appropriate to enforce such public records disclosure. See e.g., Mills v. Doyle, 407 So.2d 348 (Fla. 4th DCA 1981); compare Florida Society of Newspaper Editors v. Public Service Commission, 543 So.2d 1262 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989). Whether any of the numerous exemptions in section 119.07(3) applies, or whether there is any other basis for nondisclosure, is in the nature of an affirmative defense which may be raised with specificity in a responsive pleading. See Donner v. Edelstein, 415 So.2d 830 (Fla. 3d DCA 1982). Indeed, the appellant's allegations suggest that the state attorney might no longer have custody of the records which were alleged to have been submitted into evidence. Like a claim of exemption or nondisclosure, this circumstance may also be asserted in a *942 responsive pleading. But because the appellant's petitions presented prima facie claims for relief, an order to show cause should have been issued in each case so that the claims might receive further consideration upon the merits.
The appealed orders are reversed and the causes are remanded.
BARFIELD and KAHN, JJ., concur.