719 So.2d 19 (1998)
CITY OF ST. PETERSBURG, a municipal corporation, Appellant,
v.
Stephen L. ROMINE, Assistant Public Defender, ex. rel. Bob DILLINGER, Public Defender, Sixth Judicial Circuit, Appellee.
No. 98-00011.
District Court of Appeal of Florida, Second District.
September 11, 1998.
Rehearing Denied October 13, 1998.
*20 Robert Michael Eschenfelder, Assistant City Attorney, St. Petersburg, for Appellant.
Stephen L. Romine, Clearwater, pro se.
WHATLEY, Judge.
The City of St. Petersburg appeals an order directing it to provide certain records for inspection to Steven Romine pursuant to the public records law. See § 119.07, Fla. Stat. (1997). We reverse and remand for further consideration by the trial court.
Romine filed a request with the City of St. Petersburg under the public records law for a comprehensive accounting of all money paid to a confidential informant whose identity had been disclosed during a criminal trial. The City denied the request on the basis of the exemption from disclosure of "[a]ny information revealing the identity of a confidential informant or a confidential source." § 119.07(3)(c).
Romine responded to the City's denial by clarifying that he simply wanted a monetary figure and specification of what expenses the money covered. The City did not respond to this second letter, and Romine filed a civil action to enforce disclosure of public records. At the hearing on Romine's complaint, Romine requested that the trial court conduct an in camera inspection of the requested records. There is no indication in the record that the trial court conducted such an inspection, which is mandated by section 119.07(2)(b) when the confidential informant exemption has been asserted. Ultimately, the trial court entered an order directing the City to produce records showing, from the date the informant began working for the City in 1988:
[A]ny and all funds dispersed for cash payments, housing expenses such as rent, utility bills, telephone bills, cable TV, for food or groceries, "maintenance money," and any other expenses related to confidential informant, Leon McCullough's, services as a confidential informant because Leon McCullough's identity as a confidential informant has already been made public.
. . . . .
The dates of the individual payments to Leon McCullough, the names or initials and identification numbers of any undercover officer and that officer's supervisor and any other third person, and any information *21 identifying locations or buildings involved in any of the work that Leon McCullough did for the Defendant can be redacted from the records. The remainder shall be produced.
The order stated that the City did not have to produce an accounting of the funds. After the City filed this appeal, it filed a motion for stay of the order pending appeal and a stay was granted.
The public records law expressly states that "[i]t is the policy of this state that all state, county, and municipal records shall be open for personal inspection by any person." § 119.01. Accordingly, the public records law "is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose." City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994). "[W]hen in doubt the court should find in favor of disclosure rather than secrecy." Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775, 779 n. 1 at 780 (Fla. 4th DCA 1985). The governmental agency claiming the benefit of an exemption bears the burden of proving its entitlement to the exemption. See Barfield v. Ft. Lauderdale Police Dep't, 639 So.2d 1012 (Fla. 4th DCA 1994). An individual's reason for requesting a public record is irrelevant. See Warden v. Bennett, 340 So.2d 977 (Fla. 2d DCA 1976).
As the trial court's order reveals, the basis for directing disclosure of the payment records regarding Leon McCullough was the fact that McCullough's identity and the fact that he had been working with law enforcement over the years had been disclosed at a criminal trial. The City contends that this court has held that previous disclosure of a confidential informant's identity does not remove that information from the exemption in section 119.07(3)(c). See Salcines v. Tampa Television, 454 So.2d 639 (Fla. 2d DCA 1984). In Tampa Television, the trial court ordered the disclosure pursuant to the public records law of a subpoena which on its face identified or purported to identify confidential informants. This court reversed the order of disclosure, stating as follows:
In considering the exemptions granted in section 119.07(3)(e), we have concluded that neither the statute nor case law dictates that the exemptions from disclosure relate to confidential informants or sources who are currently being used as such, or whose identity has not previously been disclosed. We therefore conclude that it matters not that the informants or sources are no longer active or may have, through other sources, been identified as such. Section 119.07(3)(e) [now subsection (3)(c)] applies the exemptions to any information revealing identity. It does not specify not previously identified, nor current "confidential informants or sources."
Id. at 641.
In light of the fact that exemptions to the public records law are to be construed narrowly, we decline to extend Tampa Television to the facts of this case. There is no indication in Tampa Television that the State had previously agreed to reveal the identity of the confidential informants in an official criminal proceeding as it had in the present case. In fact, this court noted in Tampa Television that the case was not a criminal proceeding where due process might dictate the disclosure of the identity of the confidential informant to the defendant. Although the present case is also not a criminal proceeding, the State allowed the identity of Leon McCullough to be revealed at such an official proceeding, and McCullough testified that he had been involved in a great number of cases since 1988. This is not a situation where someone has alleged that they know or suspect the identity of a confidential informant and the production of records involving that informant would confirm the person's information or suspicion. We agree with the City that the public records law may not be used in such a way to obtain information that the legislature has declared must be exempt from disclosure.
Disclosure of the records revealing the payments made to Leon McCullough in connection with his work as a confidential informant will not reveal the fact that he has worked as a confidential informant because that fact has been revealed. See also Downs v. Austin, 522 So.2d 931, 935 (Fla. 1st DCA 1988) ("Satz [v. Blankenship, 407 So.2d 396 (Fla. 4th DCA 1981) ] and Bludworth evince *22 a judicial recognition that once the State has gone public with information which could have previously been protected from disclosure under the Act's exemptions, no further purpose is served by preventing full access to the desired documents or information.") However, those records could reveal McCullough's identity as a confidential informant in specific cases, and we believe that would be in derogation of the confidential informant exemption. The trial court's order addresses this concern by directing the redacting of information that could reveal what case the confidential informant was working on when a specific payment was made to him. Nevertheless, because the trial court did not conduct an in camera inspection of the records it ordered to be disclosed, we cannot determine whether this concern has in fact been adequately addressed. For example, we note that the trial court did not direct that any case numbers that might appear in the records be redacted. Accordingly, on remand, we direct the trial court to conduct an in camera inspection of the records it has ordered to be disclosed and determine whether the information that it has directed to be redacted sufficiently protects from disclosure the specific cases to which each payment was connected. See also Christy v. Palm Beach County Sheriff's Office, 698 So.2d 1365 (Fla. 4th DCA 1997) (holding that while fact that appellant claimed he knew identity of confidential informant is irrelevant because Tampa Television held that the confidential informant exemption applies to informants whose identity has been revealed through other sources, appellant might still be entitled to redacted version of police report that contained informant's name; remanded for trial court to conduct in camera inspection of report and determine whether it is subject to disclosure with redactions). If the court determines that the redacted records protect Leon McCullough's identity as a confidential informant in specific cases, then it shall order that those records be disclosed.
Reversed and remanded with directions.
BLUE, A.C.J., and QUINCE, J., concur.