The Honorable Rod Smith Senator, District 5 220 Senate Office Building Tallahassee, Florida 32399-1100
Dear Senator Smith:
You have expressed concern about the need for amendatory language to the Public Records Law in light of recent terrorist acts. You, therefore, have requested that this office examine existing statutory exemptions relating to security and criminal investigations conducted by law enforcement agencies. Your questions may be stated as follows:
1. Do the current statutes provide an exemption from disclosure for materials such as security plans or security needs assessments that are on file with a public agency?
2. Is a subpoena issued by a criminal justice agency to a non-criminal justice agency exempt from public inspection requirements if the subpoena is issued pursuant to an active criminal investigation or active criminal intelligence operation?
3. Is a criminal justice agency required to produce copies of public records it has gathered as part of an active criminal investigation or active intelligence investigation?
In sum:
1. Section 281.301, Florida Statutes, provides a broad exemption from disclosure for materials such as security plans or security needs assessments that are on file with a public agency.
2. A subpoena issued by a criminal justice agency to a non-criminal justice agency pursuant to an active criminal investigation or active criminal intelligence operation is exempt since the agency receiving the request qualifies as a "criminal justice agency" when it is assisting a law enforcement agency in conducting an active criminal investigation.
3. A receiving law enforcement agency, such as the Florida Department of Law Enforcement, would not be required to respond to a public records request that would divulge the existence of an ongoing active criminal investigation or active criminal intelligence operation, provided that the agency transmitting the records maintains a copy of the records sent to the law enforcement agency.
Question One
Section 281.301, Florida Statutes, provides:
"Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security systems forany privately owned or leased property which is in the possessionof any agency as defined in s. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt from ss. 119.07(1) and 286.011 and other laws and rules requiring public access or disclosure." (e.s.)
The legislative history for section 281.301, Florida Statutes, notes that the original exemption was expanded in 1990 so that it would "include information relating to the security systems for a privately owned or leased property, when such information is in the possession of any agency as defined in s. 119.011(2), F.S."[1]
Thus, section 281.301, Florida Statutes, has been interpreted by this office to include the security information that a private entity provides to a governmental entity such as a law enforcement agency.[2] For example, this office has assured law enforcement agencies that records (such as blueprints) on file from private entities for crime prevention purposes are exempt from disclosure due to this statute. Similarly, a security needs assessment on file with an agency would also be exempt. The comprehensive scope of the exemption makes it unnecessary, in my opinion, to create additional exemptions that would target this type of information.
Accordingly, I am of the opinion that section 281.301, Florida Statutes, provides a broad exemption from disclosure for materials such as security plans or security needs assessments that are on file with a public agency.
Question Two
In Attorney General Opinion 90-48, this office reviewed the statutory definition of criminal justice agency found at section119.011(4), Florida Statute, and noted that, by definition, a "criminal justice agency" is
"any law enforcement agency, court, or prosecutor[,] . . . [or] any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligenceinformation or criminal investigative information for the purposeof assisting such law enforcement agencies in the conduct ofactive criminal investigatio. . . ."
Based on this definition, the opinion concluded that an investigative subpoena issued by a state attorney as part of an active criminal investigation was exempt from public inspection requirements in the hands of the clerk of the court prior to the subpoena becoming a part of the public court file. The opinion recognized that even though the clerk was not a part of a law enforcement agency, the clerk had custody of the subpoena for the purpose of assisting a law enforcement agency in the conduct of an active criminal investigation.
Accordingly, I am of the opinion that a subpoena issued by a criminal justice agency to a non-criminal justice agency pursuant to an active criminal investigation or active criminal intelligence operation is exempt from disclosure under the Public Records Law because the agency receiving the request qualifies as a "criminal justice agency" by assisting a law enforcement agency in the conduct of an active criminal investigation.
Question Three
It is well established in Florida that the exemption for active criminal intelligence and investigative information does not exempt other public records from disclosure simply because they are transferred to a law enforcement agency.[3] Thus, an agency may not avoid disclosure of its public records under the Public Records Act by asserting that the records in question have been transferred to a law enforcement agency. Clearly, the agency has the obligation to keep a copy of the public records so that they may be provided in accordance with the Public Records Act.
However, the Public Records Act cannot be used to elicit exempt or confidential material. As one appellate court observed: The Public Records Act "may not be used in such a way to obtain information that the legislature has declared must be exempt from disclosure."[4] Thus, the exemption for active criminal investigative information may not be subverted by making a public records request for all public records gathered by a law enforcement agency in the course of its investigation; to permit such requests would negate the purpose of the exemption. For example, records that would be public if obtained from the custodial agency may not be requested from a law enforcement agency, such as the Florida Department of Law Enforcement, when such records have been gathered by the law enforcement agency during an active criminal investigation or criminal intelligence operation.
Accordingly, I am of the opinion that a receiving law enforcement agency would not be required to respond to a public records request which would divulge the existence of an ongoing active criminal investigation or active criminal intelligence operation, provided that the agency transmitting the records maintains a copy of the records sent to the law enforcement agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/opg
[1] See, Staff of Fla. H.R. Committee on Governmental Operations, HB 2513 (1990) Final Staff Analysis Economic Impact Statement (Fla. State Archives) at p. 9.
[2] See generally, Op. Att'y Gen. Fla. 93-86 (1993), stating that the exemption "thus extends to information relating to the security systems not only for property owned or leased to the state or its political subdivisions, but also for privately owned or leased property which is in the possession of an agency."
[3] See, e.g., Tribune Company v. Cannella, 438 So.2d 516, 523
(Fla. 2d DCA 1983), reversed on other grounds, 458 So.2d 1075
(Fla. 1984), appeal dismissed sub nom., Deperte v. TribuneCompany, 105 S.Ct. 2315 (1985) (assistant state attorney could not withdraw public records from public scrutiny by asserting that he "compiled" the records simply because he subpoenaed them; thus, law enforcement personnel records compiled and maintained by the employing agency prior to a criminal investigation did not constitute criminal intelligence or criminal investigative information).
[4] City of St. Petersburg v. Romine ex rel. Dillinger,719 So.2d 19, 21 (Fla. 2d DCA 1998).