The Honorable Frederick C. Brummer Representative, District 38 409 South Park Avenue Apopka, Florida 32703-5261
Dear Representative Brummer:
You ask substantially the following question:
Does section 119.07(3)(ff)1., Florida Statutes, as created by Chapter 02-391, Laws of Florida, authorize the clerk of the court to permanently remove or obliterate from an original court record social security numbers or bank account, debit, charge or credit card numbers pursuant to a written request?
In sum:
Section 119.07(3)(ff)1., Florida Statutes, as created by Chapter 02-391, Laws of Florida, does not authorize the clerk of the court to permanently remove or obliterate from an original court record social security numbers or bank account, debit, charge or credit card numbers pursuant to a written request.
Section 2, Chapter 02-391, Laws of Florida, created section119.07(3)(ff)1., Florida Statutes, to provide:
"Until January 1, 2006, if a social security number, made confidential and exempt pursuant to s. 119.072, created pursuant to CS/HB 1673 passed during the 2002 regular legislative session, or a complete bank account, debit, charge, or credit card number made exempt pursuant to s.119.07(ee)[sic], created pursuant to HB 1675 passed during the 2002 regular legislative session, is or has been included in a court file, such number may be included as part of the court record available for public inspection and copying unless redaction is requested by the holder of such number, or by the holder's attorney or legal guardian, in a signed, legibly written request specifying the case name, case number, document heading, and page number. The request must be delivered by mail, facsimile, electronic transmission, or in person to the clerk of the court. The clerk of the court does not have a duty to inquire beyond the written request to verify the identity of a person requesting redaction. A fee may not be charged for the redaction of a social security number or a bank account, debit, charge, or credit card number pursuant to such request."
Committee Substitute for House Bill 1673, enacted as Chapter 02-256, Laws of Florida, created section 119.072, Florida Statutes, which, among other things, establishes an exemption for social security numbers held by an agency or its agents, employees or contractors.[1] House Bill 1675, enacted as Chapter 02-257, Laws of Florida, establishes a public records exemption for bank account numbers and debit, charge and credit card numbers.
It is a fundamental principle of statutory construction that wherever possible, statutes should be construed in such a manner so as to avoid an unconstitutional result.[2] The Supreme Court of Florida has previously stated that "[t]o permit a law to stand wherein the Legislature requires the destruction of judicial records would permit an unconstitutional encroachment by the legislative branch on the procedural responsibilities granted exclusively to this Court."[3]
Moreover, while the plain language of a statute will normally control the interpretation of that statute, such a rule of statutory construction does not apply when it would produce an absurd result.[4] For example, in Attorney General Opinion 84-81, this office considered the provisions of section 119.07(2)(a), Florida Statutes, which provide that a custodian asserting an exemption "shall delete or excise from the record only that portion of the record with respect to which an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination." While a literal reading of the statute's language that confidential material be deleted or excised from the record might lead to the conclusion that the original document be physically altered, this office concluded that the provisions of section119.07(2)(a) "do not authorize, require or permit the custodian of court files to alter, mutilate, deface, destroy or partially destroy any record or part thereof contained in and made a part of any court file. . . . The custodian of such records may constitutionally accomplish the purposes of s. 119.07(2)(a), F.S., as amended, by any reasonable method which maintains and preserves the integrity of such records or any portion thereof while allowing public disclosure and inspection of the nonexempted portion or portions of such records."[5]
The courts of this state and this office have used the term "redact" to refer to the deletion of confidential or exempt material from public records. In reviewing such opinions, however, there is no evidence that permanent destruction of the original record was contemplated.[6] In addition, there are numerous statutes and rules that refer to the redaction of certain material.[7] As you note in your letter, such information is essential to the respective agency's function and its obliteration from the records would undermine the agency's ability to carry on its functions and prevent access to that information by those entities otherwise authorized by law to access such information.
For example, section 119.07(7)(c), Florida Statutes, provides that when the court determines that good cause for public access exists, "the court shall direct that the department redact the name of and other identifying information with respect to any person identified in any protective investigation report until such time as the court finds that there is probable cause to believe that the person identified committed an act of alleged abuse, neglect, or abandonment." Clearly, if the department permanently altered the original record, such information would not be available for subsequent public inspection as required by statute.
The Legislature is presumed to know existing law when it enacts a statute.[8] Thus, it may be presumed that the Legislature was aware of the various statutory provisions and their practical implementation; that is, agencies make copies of the original records and redact the information from those copies.
Moreover, reading section 2 of Chapter 02-391, Laws of Florida, as a whole indicates a legislative intent that original records are not to be permanently altered. The provisions of section 119.07(3)(ff)1., Florida Statutes, as created by section 2, Chapter 02-391, Laws of Florida, are applicable "[u]ntil January 1, 2006." After that date, section 2 of Chapter 02-391, Laws of Florida, provides:
"4. On January 1, 2006, and thereafter, the clerk of the court and the county recorder must keep complete bank account, debit, charge, and credit card numbers exempt as provided in s. 119.07(3)(ee), and must keep social security numbers confidential and exempt as provided for in s. 119.072, without any person having to request redaction."
Accordingly, the act provides that until January 1, 2006, the clerk is only required to redact such information when requested in writing by the holder of such number, or his or her attorney or legal guardian. After that date, the clerk is required to keep these numbers confidential and exempt regardless of a request. Common sense would dictate that the Legislature did not intend the destruction of information contained in court records created prior to January 1, 2006, while recognizing that subsequent to that date such information would be included in court records but treated as confidential.
In light of the above, I am of the opinion that section 119.07(3)(ff)1., Florida Statutes, as created by Chapter 02-391, Laws of Florida, does not authorize the clerk of the court to permanently remove or obliterate from an original court record social security numbers or bank account, debit, charge or credit card numbers pursuant to a written request.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Subsection (5) of s. 119.072, Fla. Stat., created by s. 1, Ch. 02-256, Laws of Florida, which required that if a final judgment, court order, or docket sheet contained a social security number, that number was to be contained on a separate page from the judgment, order or docket sheet, was repealed by s. 3, Ch. 02-391, Laws of Florida. And see, s.119.07(3)(ff)3., Fla. Stat., as created by s. 2, Ch. 02-391, Laws of Florida, which provides that upon the effective date of the act, s. 119.072(3) and (4), Fla. Stat., as created by s. 1, Ch. 02-256, Laws of Florida, "do not apply to the clerks of court or the county recorder with respect to court records and official records."
[2] See, e.g., State v. Jefferson, 758 So.2d 661 (Fla. 2000).
[3] See, Johnson v. State, 336 So.2d 93, 95 (Fla. 1976). In Johnson, the court held that the Legislature could not require the destruction of judicial records, but that to achieve the legislative intent, a court in a proper case could order that an arrest record be sealed.
[4] See, e.g., State v. Iacovone, 660 So.2d 1371, 1372 (Fla. 1995);Shell Harbor Group, Inc. v. Department of Business Regulation, Divisionof Alcoholic Beverages and Tobacco, 487 So.2d 1141 (Fla. 1st DCA 1986).
[5] In Op. Att'y Gen. Fla. 84-81 (1984), this office stated this could be accomplished by making copies of the record to be altered by excision and then produced for inspection or the use of opaque correction strip tape to mask or delete exempted materials from the face of the affected public record or by any other method or procedure which the custodian determines will accomplish the legislative purpose. Cf., Op. Att'y Gen. Fla. 97-67 (1997).
[6] See, e.g., City of St. Petersburg v. Romine ex rel. Dillinger,719 So.2d 19, 22 (Fla.2d DCA 1998); Christy v. Palm Beach CountySheriff's Office, 698 So.2d 1365 (Fla. 4th DCA 1997); Op. Att'y Gen. Fla. 99-46 (1999).
[7] See, e.g., s. 395.3035(4)(b), Fla. Stat. (hospital shall redact the transcript and release only that part which records discussion of the nonconfidential part of the strategic plan); 627.311(3)(l)1.i., Fla. Stat. (minutes of closed meetings regarding underwriting files, and minutes of closed meetings regarding an open claims file until termination of all litigation and settlement of all claims with regard to that claim, except that information otherwise confidential or exempt by law must be redacted); Rule 33-102.101(5), Fla.Admin.C. (form shall also indicate if any information is redacted from the copies provided as required by state law); Rule 33-601.901(9), Fla.Admin.C. (after victim information has been redacted, access to preplea, pretrial intervention, presentence or postsentence investigations is authorized as provided therein).
[8] See, e.g., Joshua v. City of Gainesville, 768 So.2d 432, 438 (Fla. 2000); Holmes County School Board v. Duffell, 651 So.2d 1176, 1179 (Fla. 1995); Williams v. Jones, 326 So.2d 425, 435 (Fla. 1975).