ROBERTS, J.
This appeal arises from a final order finding that the University of Florida permissibly redacted certain information from a public records request provided to the appellant. We reverse the final order and hold that the requested records be provided to the appellant without the contested redaction.
The appellant submitted a public records request to the University of Florida that sought to inspect and/or copy various records regarding 33 non-human primates whose captivity had been documented in a USDA inspection report. The University ultimately produced the requested records with partial redactions to obscure the physical housing location of the primates. The University maintained that this information was confidential and exempt under sections 119.071(3) and 281.301, Florida Statutes.
The appellant argued below that the University improperly redacted the physical location of the primates under the exemption language in sections 119.071(3) and 281.301 as that language pertained to security system plans. The University responded that its Security Plan, which contained an Animal Research Security component, provided for protection of the animal facilities and researchers by limiting and restricting access not only to the facilities themselves, but to the list of the facilities, which included the location.
Following testimony from the University Chief of Police and an in camera review of the University’s Animal Research Security Plan, the trial court entered a final order finding that the plan “sets forth measures and recommendations to safeguard the facilities, the animals, and the personnel” and “[l]imiting access to the list of the animal facility locations as well as entry access to the facilities [was] part of a legitimate security plan.” As such, the trial court found that the University permissibly redacted the information that identified the facility or the location of the non-human primates as that information was exempted from disclosure by section 119.07(1).
The determination as to what constitutes a public record is a question of law subject to de novo review. See Grapski v. City of Alachua, 31 So.3d 193, 196 (Fla. 1 1st DCA 2010).
Article I, section 24(a), of the Florida Constitution provides, in part:
Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution.
The legislature may, by two-thirds vote of each house, provide that certain public records are exempt from public disclosure. *1233 See Art. I, § 24(c), Fla. Const. Exemptions must be passed by two-thirds vote of each house in a bill relating to only that exemption and stating specifically the public necessity for that exemption. See id. Although Article I, section 24, is self-executing, it provides that the legislature shall enact laws governing the enforcement of its provisions. Id. It has done so in chapter 119, Florida Statutes.
Florida’s Public Records Act in chapter 119 is intended to provide open access to government. “[A]ll documents falling within the scope of the Act are subject to public disclosure unless specifically exempted by an act of our legislature.” News-Press Publishing Co., Inc. v. Gadd, 388 So.2d 276, 278 (Fla. 2d DCA 1980). The Act is to be liberally construed in favor of open government, and exemptions from disclosure are to be construed narrowly and limited to their stated purpose. See Tribune Co. v. Public Records, 493 So.2d 480, 483 (Fla. 2d DCA 1986). “Absent a statutory exemption, a court is not free to consider public policy questions regarding the relative significance of the public’s interest in disclosure and the damage to an individual or institution resulting from such disclosure.” Gadd, 388 So.2d at 278.
Section 281.301 provides:
Security systems; records and meetings exempt from public access or disclosure. — Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security systems for any privately owned or leased property which is in the possession of any agency as defined in s. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt from ss. 119.07(1) and 286.011 and other laws and rules requiring public access or disclosure.
Section 119.071(3) also exempts “security system plans,” which is defined to include all:
a. Records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to the physical security of the facility or revealing security systems[.]
Generally, the location of public facilities is subject to public disclosure under the Act. The statutes are replete with public records exemptions that protect addresses from disclosure. See e.g., § 119.071 (4)(d), Fla. Stat. (exempting the home addresses of law enforcement officers, firefighters, and judges, among others); § 24.105(12)(b), Fla. Stat. (exempting the addresses of lottery winners); § 121.031(5), Fla. Stat. (exempting the addresses of retirees); and § 790.0601, Fla. Stat. (exempting the names and addresses of concealed weapons permit holders).
In this case, the University effectively argues that it can shield the location of certain public facilities when it determines that the nature of the public activities occurring at the facilities subjects them to physical threats. Such a reading is not compatible with the admonition that public records exemptions are to be narrowly construed to provide for public access. See Tribune Co., 493 So.2d at 483.
Furthermore, the construction advanced by the University is at odds with how the legislature itself has viewed the physical addresses of public activities. In the wake *1234 of the attacks of September 11, 2001, the legislature enacted section 381.95, Florida Statutes, which exempts the locations of “medical facilities, storage facilities, or laboratories established, maintained, or regulated by the Department of Health as part of the state’s plan to defend against an act of terrorism.” Clearly the legislature did not view the exemptions of sections 281.301 and 119.071(3) as broad enough to protect those facilities directly engaged in anti-terrorism efforts from disclosure.
The University will need to seek an exemption to protect the location of the animal research facilities at issue in this case. In so holding, we do not rule on whether an exemption for the location of such facilities would be a prudent policy, but only rule that the University must go to the legislature for such an exemption. Accordingly, the final order is REVERSED and the case is REMANDED with instructions to release the requested records without redaction.
BENTON, C.J., and DAVIS, J., concur.