WALLIS, J.
Appellant/Cross-Appellee, Central Florida Regional Transportation Authority, d/b/a LYNX (“LYNX”), appeals the declaratory judgment in favor of Appel-lee/Cross-Appellant, Post-Newsweek Stations, Orlando, Inc., d/b/a WKMG-TV Local 6 (“WKMG”). The declaratory judgment held that the Public Records Act’s exemptions for security systems and security-system plans do not apply to LYNX buses’ camera footage. LYNX argues that the plain language of statutory exemptions[1] to the Public Records Act renders the security footage confidential and exempt from public-record *403 requests. We address only the declaratory judgment, and reverse.[2]
LYNX installed a comprehensive video-surveillance security system using, in part, grant money obtained from the United States Department of Homeland Security. Signs in plain view on the buses indicate the cameras’ presence and provide, “For your safety, you may be recorded by a video surveillance system which may also include audio recording.” WKMG filed public-records requests seeking to inspect video footage captured by cameras on LYNX’s buses. LYNX denied the requests, asserting that the videos captured by the surveillance system were confidential and exempt from public inspection because the videos fall within the exemptions for security systems. The video footage from this surveillance system was used and accessed in joint training with local and federal law enforcement; the training focused on how to prevent, deter, and when necessary, respond to criminal and terrorist attacks in a mass-transit environment. The cameras are regularly used and accessed by law enforcement in real world, non-training exercises.
After multiple hearings, the trial court ruled for WKMG, holding that the video footage did not fall within an exemption to the Public Records Act, as follows:
18.The video and audio recordings do not fall within the scope of a “security system plan” as defined by section 119.071(3)(a) or within the scope of section 281.301. Moreover, they do not “relat[e] directly to” or “reveal” LYNX’s security systems. Recordings of events that occurred in the past, do not relate directly to the physical security of LYNX buses or their “security system” or “security system plan.”
19. The videos are generally public records and subject to disclosure and they do not disclose or reveal a security system. To the extent that the recordings would “reveal” or “relate to” an open and obvious security system, this Court finds that LYNX’s stated security concerns are de minimis and not sufficient to overcome a strong public policy in favor of access to public records.
20. Based upon the plain language of these exemptions, the Court finds that the exemptions relied upon by LYNX, as contained in sections 119.071 (3)(a) and 281.301, do not exempt or make confidential the video and audio recordings at issue here.
The trial court limited its order to the video footage captured on buses, noting that the order‘ did not apply to recordings produced from equipment attached to LYNX’s stationary buildings and facilities.
We review an interpretation of a statute de novo. Rameses, Inc. v. Demings, 29 So.3d 418, 420 (Fla. 5th DCA 2010) (“The issue in this public records litigation involves a matter of statutory construction and is a question of law.” (citing Wagner v. Orange Cnty., 960 So.2d 785 (Fla. 5th DCA 2007))). “When the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” Ellis v. Hunter, 3 So.3d 373, 383-84 (Fla. 5th DCA 2009) (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005)). “In instances where the statutory language is clear, [this court] must read the statute as written and the statute’s plain and ordinary meaning must control.” Id. at 384 (citing Daniels, 898 *404 So.2d at 64). “Only when the statutory language is unclear or ambiguous should the courts apply rules of statutory construction and explore legislative history to determine legislative intent.” Nicarry v. Eslinger, 990 So.2d 661, 664 (Fla. 5th DCA 2008) (citing Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993)). “A statute is ‘ambiguous’ when its language is subject to more than one reasonable interpretation and may permit more than one outcome.” Id. (citing Hess v. Walton, 898 So.2d 1046, 1049 (Fla. 2d DCA 2005)).
“Chapter 119 of the Florida Statutes, The Florida Public Records Act, was enacted to promote public awareness and knowledge of government actions in order to ensure that governmental officials and agencies remain accountable to the people.” WFTV, Inc. v. Sch. Bd. of Seminole, 874 So:2d 48, 52 (Fla. 5th DCA 2004) (citing Forsberg v. Hous. Auth. of Miami Beach, 455 So.2d 873, 378 (Fla.1984)). “[Wjhile The Florida Public Records Act is to be liberally construed in favor of open government, exemptions from disclosure are to be narrowly construed.” Id. at 53 (citing Seminole Cnty. v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987)). “The agency bears the burden of proving its right to the claimed exemption.” Id. (citing Woolling v. Lamar, 764 So.2d 765, 767 (Fla. 5th DCA 2000)).
The two exemptions relied on in this case are read together. Marino v. Univ. of Fla., 107 So.3d 1231,1233 (Fla. 1st DCA 2013) (holding that sections 281.301 and 119.071(3)(a) do not permit the University of Florida to redact the location of university facilities housing primates); Critical Intervention Servs., Inc. v. City of Clearwater, 908 So.2d 1195, 1196-97 (Fla. 2d DCA 2005) (agreeing “with the Attorney General that the plain language of sections 281.301 and 119.071 makes confidential all records revealing a security system” and holding that both sections “prohibit public disclosure of the names and addresses of applicants for security system permits, of persons cited for violations of alarm ordinances, and of individuals who are the subject of law enforcement dispatch reports for verified or false alarms because disclosure would imperil the safety of persons and property”).
Section 119.071 (3)(a), Florida Statutes (2014), provides that records, information, photographs, and audio and visual presentations that reveal a security system plan are confidential and exempt, as follows: (a) 1. As used in this paragraph, the term “security system plan” includes all:
a. Records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to the physical security of the facility or revealing security systems;
b. Threat assessments conducted by any agency or any private entity;
c. Threat response plans;
d. Emergency evacuation plans;
e. Sheltering arrangements; or
f. Manuals for security personnel, emergency equipment, or security training.
2. A security system plan or portion thereof for:
a. Any property owned by or leased to the state or any of its political subdivisions; or
b. Any privately owned or leased property
held by an agency is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. This exemption is remedial in nature, and it is the intent of the Legislature that this exemption apply to security system plans held by an agency before, on, or *405 after the effective date of this paragraph.
Section 281.301, Florida Statutes (2014), provides that information that either relates directly to or reveals security systems is confidential and exempt, as follows:
Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security systems for any privately owned or leased property which is in the possession of any agency as defined in s. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt from ss. 119.07(1) and 286.011 and other laws and rules requiring public access or disclosure.
Section 281.301 thus provides that any records that directly relate to or reveal information about security systems are confidential and exempt and exempt from public inspection. We agree with LYNX that the video footage captured by the bus
camera directly relates to and reveals information about a security system. See Rhea v. Dist. Bd. of Tr. of Santa Fe Coll., 109 So.3d 851, 857 (Fla. 1st DCA 2013) (defining “directly related” as “a close connection” and holding that a student’s email was a record that “directly related to” the student and was therefore an education record not subject to disclosure (citing Merriam-Webster’s Collegiate Dictionary 353-54 (11th ed. 2004))).
The videos, which are records,[3] reveal the capabilities — and as a corollary, the vulnerabilities — of the current system. Because the Legislature’s intent is apparent from the plain language, which in this case is free from ambiguity, we find no need to analyze the legislative history.
The footage falls within an exemption and is therefore confidential and exempt from public inspection. We reverse and remand on the first count, holding the security footage is not subject to inspection under the Public Records Act.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA and COHEN, JJ„ concur.

. See §§ 119(3)(a), 281.301, Fla. Stat. (2014).

. Without discussion, we affirm the cross-appeal, which challenged the trial court's denial of WKMG's second and third counts. The trial court did not rule on the fourth count, which was not advanced at the hearing.

. WKMG also argues in its brief that the Legislature did not include "videotape” in either of the exceptions and, therefore, the language is clear that the videotapes do not fall within either section 281.301 or section 119.071(3)(a). Section 119.011(12), Florida Statutes (2012), defines public records to include tapes, films, or other material, as follows:
(12) "Public records” means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteris- ■ tics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
See also Rameses, Inc. v. Demings, 29 So.3d 418, 423 n. 1 (Fla. 5th DCA 2010) ("Videotape recordings fall within the ambit of chapter 119, Florida Statutes.” (citing § 119.011(12), Fla. Stat. (2008) (defining public records to include sound recordings, films, photographs and tapes))); Tampa Television, Inc. v. Sch. Bd. of Hillsborough Cnty., 659 So.2d 331, 331-32 (Fla. 2d DCA 1995) (Parker, J., concurring) (concluding that mounted video bus cameras are "student records and reports” under section 228.093, Florida Statutes (1993)). ■