IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARK HOWARTH,

     Appellant,

v.                            Case No. 5D16-3598

DEPARTMENT OF CORRECTIONS
 AND STATE OF FLORIDA,

     Appellees.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Mark Howarth, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee, State of
Florida.

No appearance for other appellee.

PER CURIAM.

Mark Howarth (the defendant) seeks review of the trial court's order dismissing his

petition seeking a writ of habeas corpus. We affirm.

The defendant filed a petition seeking a writ of habeas corpus, arguing that the

information filed against him suffered from incurable defects inasmuch as it charged

lengthy timeframes with respect to the commission of each offense, making it impossible for him to formulate a defense.

The trial court dismissed the petition, concluding that the defendant failed to serve his petition on the State within 120 days of filing, as mandated by Florida Rule of Civil Procedure 1.070.  However, the defendant's petition was properly filed pursuant to the provisions of section 79.01of the Florida Statutes (2015), and rule 1.630 of the Florida Rules of Civil Procedure (2015).  Specifically, rule 1.630 provides that a petitioner is not required to serve the respondent with the petition, but rather, upon determining that a habeas corpus petition demonstrates  a prima facie case for relief, the trial court issues the writ of habeas corpus. <u>See</u> Fla. R. Civ. P. 1.630(d); <u>Bard v. Wolson</u>, 687 So. 2d 254 (Fla. 1st DCA 1996) ("Florida Rule of Civil Procedure 1.630 and Chapter 79, Florida Statutes, specify the procedure to be followed in habeas corpus proceedings before the trial court.").

In <u>Moore v. Ake</u>, 693 So. 2d 697 (Fla. 2d DCA 1997), the Second District reversed the trial court's order dismissing the appellant's petition for a writ of mandamus based on the failure to serve the respondents within 120 days.  Writing for the court, Judge Altenbernd explained:

> The trial court dismissed Kevin Moore's petition for writ of mandamus because he failed to serve the respondents within 120 days. We reverse because the trial court had an obligation under Florida Rule of Civil Procedure 1.630 to review Mr. Moore's complaint when it was filed, decide whether it established a prima facie case, and issue an alternative writ of mandamus if the petition was facially adequate. <u>Staton v. McMillan</u>, 597 So. 2d 940 (Fla. 1st DCA 1992). The petitioner was not required to serve the respondent with the complaint and could not serve the alternative writ until the trial court had performed the tasks required of it under the rule.

Id. at 697-698. Thus, the trial court erred in dismissing the defendant's habeas corpus petition due to his purported failure to ensure that process was served upon the State within 120 days.

However, such error was harmless because the defendant's petition was properly dismissed, albeit for a different reason: the defendant previously raised his challenge to the purportedly defective nature of the information in both his direct appeal and his rule 3.850 proceeding and, thus, he is improperly trying to use the vehicle of habeas corpus "to seek a second appeal or to litigate issues that . . . were raised in a motion under rule 3.850." Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004). See Fla. R. Crim. P. 3.850.

Accordingly, we affirm the instant dismissal order because the trial court reached the correct result, but for the wrong reason. See Sullivan v. State, 913 So. 2d 762, 763 (Fla. 2005) ("Even though the lower court erred in its finding of exceptional circumstances, we conclude that we should affirm under the 'tipsy coachman' rule because the trial court reached the right conclusion.").

AFFIRMED.

SAWAYA, PALMER and TORPY, JJ., concur.

3