HARRIS, Judge.
The issue in this case is whether the trial court erred in determining that the exemption to Art. I, § 24(a), of the Florida Constitution contained in § 395.3035(4), Florida Statutes, is unconstitutional in that “it is broader than necessary to accomplish the stated purpose of the law.” We affirm the trial court but certify the issue to the supreme court as one of exceptional statewide importance.
In analyzing the constitutionality of any act, we should first go to the source. Article I of § 24 provides for open meetings and public records but authorizes the legislature to provide exemptions if “such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law.”
The contested exemption is contained in § 395.3035. The legislature justified the exemption as follows:[1]
[I]t is a public necessity that portions of a public hospital’s governing board meetings be closed when confidential contracts, contract negotiations, or strategic plans are discussed. If such meetings are not closed, critical confidential information regarding contracts, contract negotiations *436 and strategic plans regarding, for example, growth opportunities, would be revealed ....
Notice that the first sentence in the above quoted paragraph is a statement of general necessity; it is the second sentence that attempts to meet the “specificity” requirement of the constitution. With this “specific” justification in mind, we now look at the section which grants the contested exemption:
(4) Those portions of a board meeting at which the written strategic plans, including written plans for marketing its services, are discussed or reported on are exempt from the provisions of s. 286.011 and s. 24(b), art. 1 of the State Constitution ... The court reporter’s notes shall be fully transcribed and maintained by the hospital records custodian within a reasonable time after the meeting. The transcript shall become a public record 3 years after the date of the board meeting.
In determining whether the exemption is so limited so that it is “no broader than necessary to accomplish the stated purpose of the law,” we should look at both the scope of the exemption and the duration of the exemption. The legislature has had experience in drafting exemptions that comply fully with the constitutional mandate. In § 286.011(8), Florida Statutes, the legislature provided an exemption which permits closed meetings to discuss pending litigation. The court reporting procedure in § 286.011(8) is almost identical to the one involved in the present case but the legislature was far more careful in § 286.011(8) in defining the scope and duration of the exemption from public disclosure. Subparagraph (b) provides that “[t]he subject matter of the meeting shall be confined to settlement' negotiations or strategy sessions related to litigation expenditures.” And subparagraph (e) provides that “[t]he transcript shall be made a part of the public record upon conclusion of the litigation.” Thus, in § 286.011, the legislature clearly defined a limited scope and a limited duration consistent with the constitutional directive.
In contrast, the contested provision permits the closure of any portion of a meeting in which a “written strategic plan” is discussed or reported on. Another exemption applies to all written plans for “marketing its services.” If, for example, they wished to discuss a written plan concerning holidays, employee work schedules, etc., they could close the meeting. And there is no statutory limit of what can then be discussed during that “portion” of the closed meeting. There is no definition of, and therefore no limitation on, what can be included in a strategic plan. The hospital contends that the exemption is limited only to strategic plans that might affect competition. But even that is broader than the legislature’s “specific” justification. The media submits, and the trial court found, that an exempt strategic plan should be limited to only that portion of the strategic plan which contains critical confidential information as set out in the justification in order to meet the constitutional requirement. We agree with the trial court. Almost any discussion by the Board, whether it relates to director or officer benefits or salaries or severance plans, etc. could affect competition and therefore remain secret for three years if it is a part of a “strategic plan” or even if it is raised in a meeting at which a strategic plan is discussed or reported on. In order to comply with the limitations imposed by the constitution, at the very least the term “strategic plan” must be defined. It is not. Further, there appears no justification for an arbitrary three year duration for the secrecy to continue. If the negotiations for a contract must be kept secret, why should the secrecy continue after the contract is executed? Why should the law presume that every aspect of a strategic plan should be confidential for three years? The legislature has not told us nor has it justified it to the people who adopted the constitution.
Perhaps it is possible to save the statute by “supplying” an acceptable meaning for “strategic plan.” It should not be difficult. We could find that the legislature intended that a strategic plan would be limited to those matters that involve critical confidential information as indicated by its statement of justification. And we could construe the three year limitation as a maximum period of secrecy and find that the legislature intended that the information be immediately released *437 to the public the moment that confidentiality was no longer required. But even if we did so, the result in this ease would be the same. Joint meetings between competitors simply do not qualify under any reading of the exemption.
Because this is a critical issue of statewide concern, we certify the following issue to the supreme court:
IS THE EXEMPTION CONTAINED IN § 395.3035(4), FLORIDA STATUTES, UNCONSTITUTIONAL UNDER THE PROVISIONS OF ARTICLE 1, § 24(b) OF THE FLORIDA CONSTITUTION?
AFFIRM but withhold mandate pending review by the supreme court.
COBB, J., and BRIGGS, D., Associate Judge, concur.

. Chapter 95-199, Laws of Florida (1995).