WELLS, C.J.,
concurring.
I concur with the majority because I believe that these rules will advance the goal of the fair, effective, and efficient processing of capital postconviction cases. I write separately to underscore my suggestion that the Legislature squarely confront the public records issue.
Public records production continues to be a significant problem in the processing of these capital postconviction cases. Substantial time continues to be consumed in the circuit courts while decisions are made regarding what records must be produced and the boundaries of that production. I conclude that in order to effectively reduce the time associated with public records production, there must be changes to chapter 119, Florida Statutes, which would facilitate and delineate public records production. I would respectfully suggest that the Legislature study this problem area and consider changes to chapter 119, taking into consideration this Court’s decisions in Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 784 So.2d 438 (Fla.2001); Halifax Hosp. Medical Center v. News-Journal Corp., 724 So.2d 567 (Fla.1999); State v. Kokal, 562 So.2d 324 (Fla.1990); and Shevin v. Byron, Harless, Schaffer, Reid & Associates, 379 So.2d 633 (Fla.1980), and article 1, section 24(c), Florida Constitution.
Defendants, the State, and the courts would benefit from a statute specifically designating what records are to be produced and what records are exempt from production under the provisions of the Florida Constitution. Obviously, documents covered by Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), must be produced in accord with the requirements of the United States Constitution as determined by the United States Supreme Court.