870 So.2d 189 (2004)
BAKER COUNTY PRESS, INC., a Florida corporation, and James C. McGauley, Appellants,
v.
BAKER COUNTY MEDICAL SERVICES, INC., Appellee.
No. 1D03-803.
District Court of Appeal of Florida, First District.
March 4, 2004.
*191 Robert M. Dees, of Milam & Howard, P. A., Jacksonville, for Appellants.
Jonathan D. Kaney, Jr., of Cobb & Cole, Daytona Beach, for First Amendment Foundation, Florida Society of Newspaper Editors, Tallahassee Democrat, Inc., News-Journal Corporation and Morris Communications Corporation, d/b/a The Florida Times, Amici Curiae.
John D. Buchanan, Jr. and Laura Beth Faragasso, of Henry, Buchanan, Hudson, Suber & Carter, P. A., Tallahassee, for Appellee.
James J. Kennedy, III and Edward J. Carbone, of Buchanan Ingersoll, P.C., Tampa, for Florida Hospital Association and Florida Health Sciences Center, Inc., d/b/a Tampa General Hospital, Amici Curiae.
POLSTON, J.
Appellants The Baker County Press, Inc. and James C. McGauley challenge the trial court's final judgment in favor of appellee Baker County Medical Services, Inc., ruling that appellants are not entitled to requested documents and minutes of board meetings because Medical Services is not subject to the Public Records Act, chapter 119, Florida Statutes, or the Sunshine Law, chapter 286, Florida Statutes. Because we agree with Medical Services that section 395.3036, Florida Statutes (2002), provides exemptions for Medical Services from the Public Records Act and Sunshine Law, we affirm the trial court's final judgment.

I. Background
On September 4, 2002, The Baker County Press and James McGauley, the publisher of The Baker County Press and a citizen of the state of Florida, filed an action under chapter 119, the Public Records Act, section 286.011, the Sunshine Law, and article I, section 24 of the Florida Constitution, the Sunshine Amendment, against Medical Services. The Baker County Press and Mr. McGauley requested mandamus, injunctive, and declaratory relief, asking the trial court to rule that Medical Services must comply with the Sunshine Law, the Public Records Act, and the Sunshine Amendment in accordance with the Supreme Court of Florida's decision in Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373 (Fla.1999). The suit was based on a June 30, 2002 records request by The Baker County Press, signed by Mr. McGauley as its Publisher, for the board minutes of every meeting of Medical Services since it was formed and its financial records. Medical Services is a private company which operates the Ed Fraser Memorial Hospital, the Frank Wells Nursing Home, and the Baker Community Health Center *192 (collectively "the Hospital"). Medical Services operates the Hospital pursuant to a lease agreement with the Baker County Hospital Authority. The Authority is a public taxing district and owns the Hospital. The Authority was established by the Florida Legislature pursuant to chapter 28887, Laws of Florida (1953), which has since been amended, although not materially. In relevant part, the enabling legislation for this law: (1) provided for a board of commissioners to provide medical care to the public and to establish, construct, and maintain public hospitals for the public use and welfare, (2) declared the operation of such hospitals to be a public purpose, (3) gave the governing board the power to issue revenue bonds, (4) charged the Baker County Board of County Commissioners with providing the revenue for the erection, building, equipping, maintenance, and operation of the Authority's hospitals, and (5) gave the Baker County Board of County Commissioners the power to levy taxes for these purposes. See Ch. 74-422, §§ 2-5, at 33-34, Laws of Fla.; Ch. 28887, Laws of Fla. (1953). The Hospital originally opened in 1955.
The Authority leased the Hospital to Medical Services in 1993, when the Hospital was in serious financial distress. Appellant The Baker County Press requested the same type of information that it now seeks on October 28, 1993, which was litigated in Case No. 93-559-CA, in the Circuit Court of the Eighth Judicial Circuit, in and for Baker County, Florida. After a bench trial in that case, the trial court held in favor of Medical Services, ruling that it was not subject to the Public Records Act or the Sunshine Law. The February 9, 1994 final judgment was not appealed.
The lease between Medical Services and the Authority, as amended in 1998, provides in relevant part: (1) Medical Services has operational control of the hospitals, (2) Medical Services has possession of the Authority's existing facilities, authority to provide health care, and control over the working capital, (3) all improvements and additions to fixtures by Medical Services revert to the Authority at the termination of the lease, (4) rent includes Medical Services' assumption of the Authority's debt and interest payments for the bonds, (5) Medical Services is responsible for providing indigent care, (6) Medical Services is required to comply with the enabling legislation, (7) Medical Services is required to certify a budget to the Authority so that the Authority may certify the budget, for operating and maintaining the leased property, to the property appraiser, (8) Medical Services is required to allocate its revenues in priority to pay operating expenses, lease payments, and any other required contractual payments by the Authority, and (9) the Authority is to issue bonds to construct new facilities, purchase personal property, and pay for costs associated with operating the hospital.
The trial court ruled that it would not revisit its 1994 ruling in favor of Medical Services because the appellants did not present sufficient changes in circumstances, and entered final judgment denying the relief requested by The Baker County Press.[1] The trial court erred in applying its 1994 final judgment. The public records request was made on June *193 30, 2002, and the law then in effect is applicable. See News-Press Publ'g Co. v. Kaune, 511 So.2d 1023, 1026 (Fla. 2d DCA 1987) (stating that, generally, "the critical date in determining whether a document is subject to examination is the date the request for examination is made"). Therefore, the Florida Supreme Court's 1999 decision of Memorial Hospital applies. Because we agree with appellants that the instant case is indistinguishable from Memorial Hospital, Medical Services is generally subject to the Public Records Act and the Sunshine Law. However, as Medical Services argues in the alternative, the statutory exemptions must then be considered.

II. Section 395.3036 Exemption
Section 395.3036 exempts the records of a private corporation that leases a public hospital or other public health care facility from the Public Records Act and the Sunshine Law:
Confidentiality of records and meetings of corporations that lease public hospitals or other public health care facilities.The records of a private corporation that leases a public hospital or other public health care facility are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art I of the State Constitution, and the meetings of the governing board of a private corporation are exempt from s. 286.011 and s. 24(b), Art. I of the State Constitution when the public lessor complies with the public finance accountability provisions of s. 155.40(5) with respect to the transfer of any public funds to the private lessee and when the private lessee meets at least three of the five following criteria: ...
Section 395.3036, Florida Statutes (2002). Appellants do not dispute that Medical Services satisfies the required criteria, but argues that section 395.3036 is facially unconstitutional under article I, section 24 of the Florida Constitution and Halifax Hospital Medical Center v. News-Journal Corp., 724 So.2d 567 (Fla.1999).
Article I, Section 24(c) of the Florida Constitution provides in pertinent part that "[t]he legislature, however, may provide by general law passed by a two-thirds vote of each house for the exemption of records from the requirements of subsection (a) [public records provision] and the exemption of meetings from the requirements of subsection (b)[sunshine provision], provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law." The Florida Supreme Court, in Halifax, held that section 395.3035(4), Florida Statutes (1995), did not conform to the requirements of article I, section 24(c), and therefore was unconstitutional. Section 395.3035(4) stated:
Those portions of a board meeting [of a governing board of a public hospital] at which the written strategic plans, including written plans for marketing its services, are discussed or reported on are exempt from the provisions of s. 286.011 and s. 24(b), Art. I of the State Constitution.
. . .
Section 395.3035(4), Florida Statutes (1995).
The legislature justified this 1995 exemption in pertinent part:
[I]t is a public necessity that portions of a public hospital's governing board meetings be closed when confidential contracts, contract negotiations, or strategic plans are discussed. If such meetings are not closed, critical confidential information regarding contracts, contract negotiations, and strategic plans regarding, for example, growth opportunities, *194 would be revealed, making it exceptionally difficult, if not impossible, for a public hospital to effectively compete in the marketplace against private hospitals, whose records and meetings are not required to be open to the public.
Halifax, 724 So.2d at 568-69 (quoting Ch. 95-199, § 2, at 1813, Laws of Fla.).
The Florida Supreme Court held that the statutory exemption did not meet the exacting constitutional standard of article I, section 24(c), requiring specificity of the stated public necessity and limited breadth to accomplish that purpose, and therefore held the statute facially unconstitutional. Id. at 569. The Court noted that no statutory definition was provided for "strategic plans" nor was there a justification for the breadth of the exemption. Id. at 570. Moreover, the legislature did not define "strategic plans" or "critical confidential information" in its stated legislative justification. Id. The Court approved the trial court's ruling: "All discussion of strategic plans is made secret solely to protect that part of the discussion which pertains to critical confidential information. This is facial overbreadth." Id.
The statute and legislative justification in the instant case are different from those presented in Halifax. Because all documents and meetings are exempted in section 395.3036, the definitional problems at issue in Halifax are not present in the instant case. Furthermore, the legislative justification is more specific and is sufficient to justify the breadth of the exemption:
Section 2. (1) The Legislature finds that it is a public necessity that all records of a private corporation and all meetings of the governing board of the private corporation be confidential and exempt from the public records and public meeting laws of this state when the private corporation leases a public hospital or other public health care facility from a public entity in accordance with the terms of this act. The Legislature further finds that private corporations have entered into such leases in reliance on the legal standard governing the application of the public records and open meeting laws to such lease agreements which was set forth in case law existing at the time of the transaction. That standard provided that such private lessees were not "acting on behalf of" the public entity and, therefore, not subject to the state's public records laws so long as the public entity did not retain control over the private lessee. No one factor was used to determine whether the public entity exerted control; instead a "totality of factors" was analyzed and the decision made on the balance of those factors. In a recent decision, however, the Fifth District Court of Appeal[2] has now applied the standard in a manner that may cause more lessees to be subject to public records and meetings requirements. The Legislature finds that the effect of the decision has been:
(a) To create uncertainty with respect to the status of records and meetings under existing lease arrangements; and
(b) To create a disincentive for private corporations to enter into such lease agreements in the future.
(2) Public entities have chosen to privatize the operations of their public hospitals and public health care facilities in order to alleviate three problems that pose a significant threat to the continued viability of Florida's public hospitals:

*195 (a) A financial drain on the facilities from their forced participation in the Florida Retirement System;
(b) The competitive disadvantage placed on these facilities vis a vis their private competitors resulting from their required compliance with the state's public records and public meeting laws; and
(c) State constitutional restrictions on public facility participation in partnerships with private corporations as a result of the limitations contained in the State Constitution. For years, the Legislature has approved and encouraged these leases, first through special acts that it has adopted authorizing the lease agreements and, more recently, through the adoption of section 155.40, Florida Statutes, which provides for the conversion of public hospital facilities to private operation by lease, as a means to provide public entities with the necessary flexibility to use these public assets in a manner that best serves the interests of the public. Through such lease arrangement, public entities have been able to obtain substantial and oftentimes desperately needed private capital investment into these facilities and to relieve the oftentimes burdensome drain on public tax revenues which resulted from public operation.
(3) In the absence of a defined and, therefore, predictable statewide standard for determining when the public records and public meetings laws apply to future lease agreements, public entities may find it difficult, if not impossible, to find a private corporation that is willing to enter into a lease to operate the public hospital or other public health care facility. This, in turn, could force the public entity:
(a) To close the hospital or other health care facility, which would result in a reduction in health care services to the public;
(b) To sell the hospital or other health care facility, which sale, if the facility has deteriorated because of inadequate capital investments over time, will likely be at a loss; or
(c) To continue operating the hospital or other health care facility using public tax dollars to subsidize recurring losses. None of these options is in the best interest of the public.
(4) The Legislature, therefore, finds that it is a public necessity for it, through this act, to clarify when the public records and public meeting laws apply to private lessees of public hospital or other public health care facilities. The Legislature further finds that it is a public necessity for these private lessees to be exempt from the public records and public meetings laws of the state so long as, applying the standard codified by this act, the public entity does not retain control over the private entity.
Ch. 98-330, § 2, at 2846-47, Laws of Fla. (footnote not in original).
Accordingly, we hold that the constitutional concerns expressed by the Florida Supreme Court in Halifax have been satisfied by the Florida Legislature in its enactment of section 395.3036. See Bryan v. State, 753 So.2d 1244, 1251 (Fla.2000) (holding that legislative findings supporting exemptions for disclosures satisfied article I, section 24(c) of the Florida Constitution). We affirm the trial court's ruling that appellants failed to show that section 395.3036 is unconstitutional. See A.B.A. Indus., Inc. v. City of Pinellas Park, 366 So.2d 761, 763 (Fla.1979)(ruling that an act of the Legislature "will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt"); Bush v. Holmes, 767 So.2d 668, 673 (Fla. 1st DCA 2000)(ruling that "[w]hen a legislative *196 enactment is challenged the court should be liberal in its interpretation; every doubt should be resolved in favor of the constitutionality of the law, and the law should not be held invalid unless clearly unconstitutional beyond a reasonable doubt," quoting Taylor v. Dorsey, 155 Fla. 305, 19 So.2d 876, 882 (1944)); Medina v. Gulf Coast Linen Servs., 825 So.2d 1018, 1020 (Fla. 1st DCA 2002)(same). Because section 395.3036 provides an exemption from the Public Records Act and Sunshine Law, we affirm the trial court's judgment in favor of appellee.

III. Section 155.40 Exemption
In pertinent part, section 155.40 states:
(6) Unless otherwise expressly stated in the lease documents, the transaction involving the sale or lease of a hospital shall not be construed as:
(a) A transfer of a governmental function from the county, district, or municipality to the private purchaser or lessee;
(b) Constituting a financial interest of the public lessor in the private lessee; or
(c) Making a private lessee an integral part of the public lessor's decisionmaking process.
(7) The lessee of a hospital, pursuant to this section or any special act of the Legislature, operating under a lease shall not be construed to be "acting on behalf of" the lessor as that term is used in statute, unless the lease document expressly provides to the contrary.
Section 155.40(6)-(7), Florida Statutes (2002). The apparent purpose of these provisions are to exempt private lessees from the Public Records Act and Sunshine Law, as argued by appellee in support of nondisclosure. Accordingly, the requirements for exemptions under article I, § 24(c) of the Florida Constitution must be complied with. In contrast to the enactment of section 395.3036, there are no legislative findings regarding the public necessity for the exemption in section 155.40. See Ch. 99-356, § 6, at 3633, Laws of Fla. Therefore, we agree with appellants that this statute is unconstitutional under Halifax.

Conclusion
Because we agree with Medical Services that section 395.3036, Florida Statutes (2002), provides exemptions for Medical Services from the Public Records Act and Sunshine Law, and is facially constitutional, we affirm the trial court's final judgment.
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] The trial court also granted Medical Services' partial summary judgment motion against Mr. McGauley because it found that The Baker County Press, not Mr. McGauley, made the records request. We agree. Because the complaint is based on public record requests by The Baker County Press, not on any demands by Mr. McGauley individually, we affirm the trial court's granting of partial summary judgment relating to the individual claim of Mr. McGauley.
[2] See News-Journal Corp. v. Memorial Hosp.-West Volusia, Inc., 695 So.2d 418 (Fla. 5th DCA 1997), approved, Memorial Hosp.-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373 (Fla.1999).