908 So.2d 1195 (2005)
CRITICAL INTERVENTION SERVICES, INC., Appellant,
v.
CITY OF CLEARWATER, Appellee.
No. 2D04-5570.
District Court of Appeal of Florida, Second District.
August 31, 2005.
David F. Paulsen of Merricks, Hale & Swope, P.A., Clearwater, for Appellant.
Pamela K. Akin, City Attorney, and Robert J. Surrette, Assistant City Attorney, Clearwater, for Appellee.
CASANUEVA, Judge.
Critical Intervention Services, Inc. (CIS), filed a complaint and petition for writ of mandamus to the City of Clearwater after it was denied a portion of its public records request. After the trial court granted the City's motion to dismiss the complaint and the petition for writ of mandamus, CIS appealed. We affirm.
CIS provides a wide range of security services to its customers in Florida and around the world. In 2004, CIS made a public records request to the City of Clearwater for the aggregate number of residential and business alarm permits issued for 2003 and the number of warnings and citations that had been issued for violation of the City's alarm ordinance for false alarms. The City complied with this request. CIS then made a second request seeking the identity of the permit holders who had been levied a penalty, as well as records showing the amounts of the fines or service charges. Although the City disclosed the information pertaining to the number of ordinance violations and the amounts collected from the levying of penalties for false alarms, it refused to disclose to CIS the identities of the permit holders involved.
CIS asserts that the relevant statutes do not permit an exemption for the identities of alarm permit holders or of those who have violated the alarm ordinance. The information CIS seeks would allow it and others to know which businesses and residences are protected by security systems and which are not. The City responds *1196 that sections 281.301 and 119.071, Florida Statutes (2004), preclude disclosure of this information. The City supports its position by relying on Florida Attorney General Opinion 04-28. We agree with the Attorney General's well-reasoned opinion and the City's argument that disclosure of such records is precluded.
Responding to an inquiry whether certain information (the names and addresses of applicants for security system permits, the names and addresses of persons or businesses cited or warned for violations of a city alarm ordinance, and the records of police dispatches containing the addresses of locations where a verified or false alarm resulted) was open to public inspection and copying, the Attorney General concluded, based on the express language of section 281.301, that such records were not open to either inspection or copying. Section 281.301 provides:
Information relating to the security systems for any property owned by or leased to the state or any of its political subdivisions, and information relating to the security systems for any privately owned or leased property which is in the possession of any agency as defined in s. 119.011(2), including all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to or revealing such systems or information, and all meetings relating directly to or that would reveal such systems or information are confidential and exempt from ss. 119.07(1) and 286.011 and other laws and rules requiring public access or disclosure.
The exemption was clarified and recreated in section 119.071, Florida Statutes (2001). Ch. 01-361, § 1, at 32, Laws of Fla. Section 119.071, as amended, provides, in relevant part:
A security system plan or portion thereof for:
(1) Any property owned by or leased to the state or any of its political subdivisions; or
(2) Any privately owned or leased property which plan or portion thereof is held by any agency, as defined in s. 119.011, is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. 1 of the State Constitution. As used in this section, the term a "security system plan" includes all records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendation, or consultations or portions thereof relating directly to the physical security of the facility or revealing security systems; threat assessments conducted by any agency as defined in s. 119.011 or any private entity; threat response plans; emergency evacuation plans; sheltering arrangements; or manuals for security personnel, emergency equipment, or security training.
The Attorney General noted that in section three of chapter 01-361, "in its specific finding of a public necessity for the exemption, the Legislature emphasized that security plans, both public and private, are a vital part of public safety, including the safety of services, such as telecommunications, on which the public relies," and the "need to protect public and private infrastructure from terrorist attack." Op. Att'y Gen. 04-28 at 3.
We agree with the Attorney General that the plain language of sections 281.301 and 119.071 makes confidential all records revealing a security system because
[o]ne of the most fundamental rules of statutory construction is that a court must give a statutory term its plain and ordinary meaning. The term "all" means "every; any whatever" and would *1197 appear to provide no limitation on the type or form of information that may fall within the statute's coverage, if such information "reveals" a security system. To "reveal" is "to make something publicly known; divulge." The information sought is the name and address of individuals having security systems in their homes or businesses as evidenced by permits obtained for the installation of such systems, citations for violations of alarm ordinances, or dispatches of law enforcement for verified or false alarms. The disclosure of the names and addresses contained in the specified records would necessarily reveal the existence of security systems.
Op. Att'y Gen. 04-28 at 3.
Sections 281.301 and 119.071 prohibit public disclosure of the names and addresses of applicants for security system permits, of persons cited for violations of alarm ordinances, and of individuals who are the subject of law enforcement dispatch reports for verified or false alarms because disclosure would imperil the safety of persons and property. Accordingly, the trial court did not err by dismissing the complaint or declining to issue a writ of mandamus to the City to divulge the requested information to CIS.
Affirmed.
ALTENBERND and SALCINES, JJ., Concur.