Dear Mr. Ramage:
On behalf of the Florida Department of Law Enforcement (FDLE), you ask the following questions:
1. Are the email addresses and corresponding home, school, and other "watched addresses of concern" with the FDLE Offender Alert System exempt from disclosure under section 119.071(5)(j), Florida Statutes (Chapter 2011-85)?
2. If the response to the first inquiry is "Yes," then if a Public Records Request for such information was made prior to July 1, 2011, does the exemption apply under the provision in section 119.071(5)(j) that states that "this exemption applies to information held by an agency, before, on, or after the effective date of this exemption?
In sum:
1. The email addresses and corresponding home, school, and other "watched addresses of concern" provided for participation in the FDLE Offender Alert System come within the scope of the exemption afforded by section 119.071(5)(j), Florida Statutes.
2. The exemption afforded by section 119.071(5)(j), Florida Statutes, applies to a pending public records request received prior to the statute's effective date.
Question One
According to your letter, FDLE has received a public records request for the email addresses and physical addresses maintained in the "Florida Offender Alert System." Such a system was apparently created to comply with the mandate established in section 943.44353(1), Florida Statutes, which provides that "[n]o later than January 1, 2008, the department shall develop and maintain a system to provide automatic notification of registration information regarding sexual predators and sexual offenders to the public."[1] You state that the system allows individuals who wish to be notified when a registered sexual offender moves near an address of concern to submit their email address and the physical address of concern to FDLE.[2] A notice has been placed on the website where individuals register to receive such alerts stating that "[u]nder Florida law, e-mail addresses are public records."[3]
During the 2011 legislative session, the Legislature enacted section 119.071(5)(j)1., Florida Statutes, effective July 1, 2011, which provides in pertinent part:
"Any information furnished by a person to an agency for the purpose of being provided with emergency notification by the agency, including the person's name, address, telephone number, e-mail address, or other electronic communication address, is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution. This exemption applies to information held by an agency, before, on, or after the effective date of this exemption."[4]
In setting forth the public necessity for passage of the above exemption, [5] section 2 of Chapter 2011-85, Laws of Florida, provides:
"The Legislature finds that it is a public necessity to exempt from public records requirements any information furnished by a person to an agency for the purpose of being provided with emergency notification by the agency. Through the use of current technology, agencies may contact members of the public by a variety of electronic means, including cellular telephones and electronic mail,to alert them of imminent natural and manmade disasters, medicalemergencies, criminal emergencies, and other dangerousconditions. Public safety is significantly enhanced through the use of such emergency notification programs, and expansion of such programs further increases public safety. A public records exemption for information furnished to an agency for this purpose will encourage greater participation in emergency notification programs by alleviating concerns about disclosure of information that could be used for criminal purposes. For these reasons, the public records exemption provided in this act is necessary for the effective implementation of and broad participation in emergency notification programs conducted by agencies." (e.s.)
You suggest that notification under the "Florida Offender Alert System" constitutes an "emergency notification" within the meaning of section 119.071(5)(j)1., Florida Statutes, in light of the reference in the statement of necessity to "other dangerous conditions." In support thereof, you cite to several provisions of section 775.21, Florida Statutes, "The Florida Sexual Predators Act," in which the Legislature has expressed its concern regarding the threat sexual predators pose to public safety, [6] and which requires law enforcement agencies to inform members of the community and the public of a sexual predator's presence.[7] In recognition that the Florida Offender Alert System is not limited to alerts for sexual predators but also includes notification of sexual offenders, you refer to section 943.0435, Florida Statutes, which requires sexual offenders to register with FDLE, and which provides in part in subsection (12):
"The Legislature finds that sexual offenders, especially those who have committed offenses against minors, often pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount government interest. . . . Releasing information concerning sexual offenders to law enforcement agencies and to persons who request such information, and the release of such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety. . . ."
Section 119.071(5)(j)1., Florida Statutes, does not identify any specific notification system other than to refer to "emergency" notifications. While section 943.44353(1), Florida Statutes, in providing for the creation of the Florida Offender Alert System, does not expressly label the system as an emergency
notification system, this statute was enacted to implement the federal Adam Walsh Child Protection and Safety Act which contemplates an immediate notification to those individuals who have requested to be notified.[8] Section 943.44353, as well as the provisions of sections 775.21 and 943.0435, Florida Statutes, recognizes the on-going threat posed by the location of sexual predators or sexual offenders within a community and contemplates notification in the interests of public safety.[9]
A review of the legislative history surrounding the enactment of Chapter 2011-85, Florida Statutes, fails to provide clear direction on this issue. The staff analysis for the bill, for example, refers to public health emergencies, boil water notices, missing child notices, and evacuation notices.[10] In presenting the bill during the various committee meetings, the sponsors referred to the bill as relating to a reverse 911 notification system.[11]
The Legislature has characterized the presence of a sexual predator in a community as an extreme threat to public safety requiring notification and the release of information relating to a sexual offender's presence in the community to be in furtherance of the governmental interests in public safety.[12] Moreover, as clearly reflected in the statement of necessity for section 119.071(5)(j), Florida Statutes, the Legislature was concerned with encouraging public participation in emergency notification programs by ensuring that the information submitted by the public to participate in such programs was protected. As stated therein:
"A public records exemption for information furnished to an agency for this purpose will encourage greater participation in emergency notification programs by alleviating concerns about disclosure of information that could be used for criminal purposes."[13]
The Florida Offender Alert System clearly addresses the Legislature's concern with the public safety threat posed by the presence of sexual predators and sexual offenders in the community by alerting persons who have requested notification of the immediate danger posed by such individuals moving into their neighborhoods. In the statement of necessity for Chapter 2011-85, Laws of Florida, the Legislature repeatedly expressed its intent that the bill is directed toward public safety and seeks to encourage public participation in such notification alert systems. Thus, the inclusion of the Florida Offender Alert System would appear to be consistent with the expressed legislative intent for the adoption of the exemption.
This office, in interpreting the scope of any exemption, must read the exemption to give effect to the expressed intent of the Legislature.[14] Here, this office recognizes the Legislature's express intent to encourage greater participation in emergency notification programs and must take into consideration the concerns expressed by the Legislature in such statutes as section 775.21 and 943.0435, Florida Statutes, relating to the public threat posed by sexual predators and offenders. This office also recognizes that the information provided to FDLE for notification under the Florida Offender Alert System for substantially the same purpose as for other emergency alert systems, i.e., to notify the individual of a potentially threatening situation.
Accordingly, I am of the opinion that the email addresses and corresponding home, school, and other "watched addresses of concern" provided for participation in the FDLE Offender Alert System come within the scope of the exemption afforded by section 119.071(5)(j), Florida Statutes.
Question Two
You state that the request for the email addresses and physical addresses maintained in the "Florida Offender Alert System" was received by FDLE in June of this year, prior to the effective date of Chapter 2011-85, Laws of Florida, which created section 119.07(5)(j), Florida Statutes. You therefore ask whether the exemption afforded by section 119.07(5)(j) would apply to a request received prior to the exemption's effective date in light of the language stating that "this exemption applies to information held by an agency, before, on, or after the effective date of this effective date of this exemption."
The Florida Supreme Court has recognized that access to public records is a substantive right and thus a statute affecting that right is presumptively prospective and there must be a clear legislative intent for the statute to apply retroactively.[15]
Therefore, generally the critical date in determining whether a document is subject to disclosure is generally the date the public records request is made; the law in effect on that date applies.[16]
If, however, the Legislature is "clear in its intent" that the statute apply retroactively, such intent will be given effect. For example, the court in Campus Communications,Inc. v. Earnhardt, [17] stated that where the Legislature expressly provided that an exemption from disclosure (in that case, an exemption for autopsy photographs) is to be applied retroactively, the court will give effect to the legislative intent.[18] While the language under consideration inEarnhardt was somewhat different than that contained in section 119.071(5)(j), Florida Statutes, [19] it appears clear that the Legislature intended that the statute be retroactively applied to exempt information held by an agency, before, on, or after the effective date of the exemption.[20]
In light of the above, I am of the opinion that the exemption afforded by section 119.071(5)(j), Florida Statutes, would apply to a pending public records request received prior to the statute's effective date.
Sincerely,
 Pam Bondi Attorney General
[1] The notification system was adopted to comply with the provisions of the federal Adam Walsh Child Protection and Safety Act of 2006, P.L. No. 109-248, 120 Stat. 587 (2007). See42 U.S.C. 16921(b), providing that "immediately after a sex offender registers or updates a registration, an appropriate official in the jurisdiction shall provide the information in the registry (other than information exempted from disclosure by the Attorney General) about that offender to . . . [a]ny organization, company, or individual who requests such notification pursuant to procedures established by the jurisdiction." And see Florida Senate Professional Staff Analysis and Economic Impact Statement on CS/CS/SB 1604, dated April 11, 2007, stating that the bill (enacted as Ch. 2007-209, Laws of Fla.) was enacted to comply with the federal act.
[2] The FDLE's website at:http://www.floridaoffenderalert.com advises an individual that you may "use this website to subscribe for an e-mail alert in the event that an offender or predator moves close to any
address in Florida you choose." (e.s.)
[3] See s. 668.6076, Fla. Stat., requiring an agency, as defined in s. 119.011, Fla. Stat., or legislative entity that operates a website and uses electronic mail to post such a statement in a conspicuous location on its website. The statement, however, constitutes a recognition that all records received by an agency in connection with the transaction of official business are public records and is not dispositive of whether an exemption applies.
[4] See Ch. 2011-85, Laws of Fla.
[5] See Art. I, s. 24(c), Fla. Const., requiring the Legislature, in enacting an exemption from the open records requirements of subsection (a) thereof to "state with specificity the public necessity justifying the exemption" which "shall be no broader than necessary to accomplish the stated purpose of the law."
[6] See, e.g., s. 775.21(3)(a), Fla. Stat., stating that "[r]epeat sexual offenders, sexual offenders who use physical violence and sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety;" and s. 775.21(3)(b)4., Fla. Stat., providing for community and public notification due to the "high level of threat that a sexual predator presents to the public safety[.]"
[7] See s. 775.21(7), Fla. Stat.
[8] See n. 1, supra.
[9] Cf. s. 775.21(7)(a), Fla. Stat., providing that within 48 hours after receiving notification of the presence of a sexual predator, the sheriff of the county or the chief of police of the municipality where the sexual predator temporarily or permanently resides shall notify each licensed child care facility, elementary school, middle school, and high school within a 1-mile radius of the temporary or permanent residence of the sexual predator of the presence of the sexual predator. FDLE is responsible for the online maintenance of current information regarding each registered sexual predator and for maintaining hotline access for state, local, and federal law enforcement agencies to obtain instantaneous locator file and offender characteristics information on all released registered sexual predators for purposes of monitoring, tracking, and prosecution.
[10] Final Bill Analysis on HB 597, dated June 29, 2011, available online at:http://myfloridahouse.gov/Sections/Documents/loaddoc.aspx?FileName'h0597z.SAC.DOCX DocumentType'Analysis BillNumber'0597 Session'2011.
[11] See Representative Taylor's comments at House of Representatives Government Operations Subcommittee meeting, March 23, 2011, and House of Representatives State Affairs meeting, April 7, 2011, podcasts available at:http://myfloridahouse.gov/Sections/PodCasts/PodCasts.aspx. Andsee comments of representative for Senator Hays at Senate Community Affairs Committee, March 7, 2011, and Senate Governmental Oversight Accountability Committee, April 5, 2011, on SB 874, the Senate companion bill, podcasts available at:http://www.flsenate.gov/Committees/Show/CA/ andhttp://www.flsenate.gov/Committees/Show/GO/, respectively.
[12] See s. 775.21(3)(a) and s. 943.0435(12), Fla. Stat., respectively.
[13] Section 2, Ch. 2011-85, Laws of Fla.
[14] See, e.g., Critical Intervention Services, Inc. v. City ofClearwater, 908 So. 2d 1195 (Fla. 2d DCA 2005), in which the court, in giving effect to the intent of the exemption, concluded that a list of applicants for burglar alarms could not be released under an exemption for records relating to security systems even though the exemption did not expressly mention these particular records. See generally Ervin v. Peninsular Telephone Company,53 So. 2d 647 (Fla. 1951) (duty in construction of statutes is to ascertain Legislature's intention and effectuate it); Op. Att'y Gen. Fla. 94-37 (1994) (paramount rule of statutory construction is to ascertain the intent of the Legislature).
[15] See Memorial Hospital-West Volusia, Inc. v. News-JournalCorporation, 784 So. 2d 438 (Fla. 2001).
[16] See Baker County Press, Inc. v. Baker County MedicalServices, 870 So. 2d 189, 192-193 (Fla. 1st DCA 2004).
[17] 821 So. 2d 388, 396 (Fla. 5th DCA 2002), reviewdenied, 848 So. 2d 1153 (Fla. 2003).
[18] Compare Memorial Hospital-West Volusia,Inc. v. News-Journal Corporation, supra, in which the Court held that language in an exemption for records of a private corporation leasing a public hospital stating that it applied to existing leases did not clearly exempt records created prior to the effective date of the exemption. Section 119.071(5)(j), Fla. Stat., however, provides that the exemption applies to information held before, on, or after the effective date of the exemption.
[19] In Earnhardt, the statute in question stated that the exemption applied retroactively rather than stating that the exemption applies to information held before, on, or after the effective date of the exemption.
[20] Cf. City of Orlando v. Desjardins,493 So. 2d 1027, 1028 (Fla. 1986) (newly enacted exemption for attorney work product applied to an action accruing prior to the effective date of the exemption in light of the remedial nature of the exemption); Roberts v. Butterworth,668 So. 2d 580 (Fla. 1996) (applying capital collateral litigation work product exemption retroactively to a public records request that predated the effective date of the exemption).